RECEIVED
JUN 1 7 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DINA CARMOUCHE and<br>JOSEPH CARMOUCHE | CIVIL ACTION NO. 12-3023 |
| VERSUS | JUDGE TRIMBLE |
| MARKSVILLE HOUSING AUTHORITY,<br>CITY OF MARKSVILLE and<br>ABC INSURANCE COMPANY | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court is a motion to dismiss filed by defendant Housing Authority of the City of Marksville ("Housing Authority").[1] For the reasons expressed below, the court finds that the motion should be GRANTED and that all claims by plaintiff against Housing Authority and the City of Marksville should be DENIED and DISMISSED with prejudice.

I.  Relevant Facts

Plaintiff Joseph Carmouche is a former Housing Authority employee who was terminated from employment on or about April 18, 2012.[2] Plaintiff filed suit on November 5, 2012 alleging violations of both the Family Medical Leave Act ("FMLA")[3] and Louisiana Employment Discrimination Law ("LEDL").[4] Specifically, plaintiff alleges that he underwent hip replacement surgery in September of 2011 and used sick leave and annual leave until he had

---

[1] R. 7.
[2] Id. at p. 1.
[3] 29 U.S.C. § 2601, et seq.
[4] La. R.S. 23:301, et seq.

exhausted all such available leave and was then terminated from employment.[5] Plaintiff's complaint asserts that he was denied the exercise of his FMLA rights and was discriminatorily discharged because of his age, which was sixty-eight (68) years at the time of his termination.[6]

The Housing Authority removed the case to this court, citing the court's federal subject matter jurisdiction over cases arising under the FMLA.[7] The Housing Authority now moves for summary judgment on the basis that plaintiff's claims fail as a matter of law. The issues have been fully briefed and the court finds the motion properly before it for decision.

II.   The Law of Summary Judgment

Fed. R. Civ. P. 56(a) provides that summary judgment shall be granted when the movant shows the absence of any genuine dispute as to any material fact and, for that reason, shows that he is entitled to judgment as a matter of law. The movant must demonstrate the absence of any genuine dispute as to any material fact by citing to particular parts of materials in the record, including depositions, documents and affidavits.[8] The movant may demonstrate entitlement to judgment as a matter of law by pointing out the nonmoving party's inability to produce evidence which, when taken as true for the purposes of the motion, would provide a legally sufficient basis upon which a reasonable jury might base a judgment in the nonmoving party's favor.[9]

Once a motion for summary judgment is made and properly supported, the burden shifts to the nonmoving party to come forward with evidence which demonstrates the essential

---

[5] R. 1-2 at ¶ 4.
[6] Id. at ¶¶ 4-5.
[7] R. 1.
[8] Fed. R. Civ. P. 56(c)(1)(A).
[9] Celotex Corp v. Catrett, 477 U.S. 317, 2553 – 54 (1986); Duffy v. Leading Edge Products, Inc., 44 F.3d 308, 312 (5th Cir. 1995); Shotak v. Tenneco Resins, Inc., 953 F.2d 909, 913 (5th Cir. 1992), cert. denied 506 U.S. 832 (1992).

elements of his claims.[10] In so doing, the nomoving party establishes the existence of a genuine issue of material fact for trial. The nonmoving party must show that the evidence, when viewed in the light most favorable to him, is sufficient to enable a reasonable jury to render a verdict in his favor.[11] A party whose claims are challenged by a motion for summary judgment may not rest on the allegations of the complaint and must articulate specific factual allegations which meet his burden of proof.[12]

If the nonmoving party meets his burden of proof, summary judgment is inappropriate and the claims must be preserved for further proceedings. If, on the other hand, the nonmoving party does not meet his burden, the court must grant summary judgment in recognition of the implausibility of the claims at issue.[13]

All evidence submitted to the court in support of or in opposition to a motion for summary judgment must be of the sort which would be admissible at the trial of the matter.[14] "Metaphysical doubt" as to the existence of a genuine issue for trial is insufficient, as are "unsubstantiated assertions" and "conclusory allegations[.]"[15] The court will construe all evidence in the light most favorable to the nonmoving party, but will not infer the existence of evidence not presented.[16]

---

[10] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994).
[11] Celotex, 477 U.S. at 325.
[12] Id.
[13] Id. at 322.
[14] Fed. R. Civ. P. 56(c)(2); Salas v. Carptener, 980 F.2d 299, 305 (5th Cir. 1992) quoting Broadway v. City of Montgomery, 530 F.2d 657, 661 (5th Cir. 1976).
[15] Little, 37 F.3d at 1075, citing Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), Lujan v. National Wildlife Federation, 497 U.S. 871, 871-73 (1986); Hopper v. Frank, 16 F.3d 92 (5th Cir. 1994).
[16] Lujan, 497 U.S. at 888.

### III. Analysis

#### A. Plaintiff's FMLA claim

The FMLA provides that all "eligible employees" must be afforded a total of twelve workweeks of leave during any twelve month period for, inter alia, a serious health condition rendering the employee unable to perform the functions of his job.[17] The law further provides that it shall be unlawful for an employer to discharge or otherwise discriminate against an employee who exercises his rights under the FMLA or to attempt to restrain or deny the employee from the exercise of such rights.[18]

The Housing Authority's motion first asserts that plaintiff's FMLA claim fails as a matter of law because plaintiff is not an "eligible employee" under the statute and, thus, the FMLA does not apply to him.[19] Specifically, the Housing Authority cites 29 U.S.C. 2611(2)(B)(ii), which excludes from the definition of "eligible employee" anyone who is employed by an employer with less than fifty (50) employees when the total number of employees the employer employs within seventy (75) miles of the worksite at issue is less than fifty (50).[20] The Housing Authority asserts that it employed six (6) employees at the time plaintiff was employed there and now employs only five, falling well below the statutory minimum necessary for plaintiff to qualify as an "eligible employee" under the FMLA.[21]

Plaintiff argues that a genuine question of material fact exists regarding whether or not he is an "eligible employee" within the meaning of the FMLA and, therefore, summary

---
[17] 29 U.S.C.A. § 2612(a)(1)(D).
[18] 29 U.S.C.A. § 2615(a).
[19] R. 7 at p. 2.
[20] Id. at p. 3.
[21] Id. at p. 3.

judgment should be denied. Specifically, plaintiff asserts that, pursuant to La. R.S. 40:384(16) instructs that a "local housing authority 'is a political subdivision of this state'" and that regulations applicable to the FMLA provide that a state or political subdivision of a state constitute a single employer for purposes of determining employee eligibility.[22] Thus, plaintiff argues that the State of Louisiana is to be considered as plaintiff's former employer for purposes of the FMLA and that whether or not plaintiff is an "eligible employee" depends upon how many employees the State of Louisiana employs within the applicable seventy-five (75) mile radius of his former worksite.[23]

The Housing Authority responds by pointing out that the Revised Statute cited by plaintiff, when read in its entirety, clearly instructs that a housing authority is not a state agency for any purpose.[24] Defendant also points out that, even if the Housing Authority were a "state agency," plaintiff's reading of the federal regulation is erroneous, as it does not imply that the State and its agencies count as a single employer.[25]

The court has reviewed the cited provisions and finds that plaintiff's arguments are without merit. As argued by the Housing Authority, 29 C.F.R. § 825.108(c)(1) clarifies what is intended by its language by stating "[f]or example, a State is a single employer; a county is a single employer; a city or town is a single employer." Thus, the regulation does not mandate, as argued by plaintiff, that this court must consider the Housing Authority and the State of

---

[22] R. 12 at p. 3 citing 29 C.F.R. 825.108(c)(1).
[23] The court notes that, as argued by Housing Authority, it appears that plaintiff has abandoned the argument evident in his complaint that the Housing Authority should be considered together with the City of Marksville for purposes of the FMLA's numerosity requirement. Given plaintiff's abandonment of claims as to the City of Marksville, all claims by plaintiff against this defendant will be dismissed with prejudice. We note that this observation was also made by Housing Authority in its motion for summary judgment and was not contested by plaintiff. See R. 13 at p. 3, n. 2.
[24] R. 13 at p. 3.
[25] Id. at p. 4.

Louisiana to be counted together as single employer for FMLA purposes.  Moreover, we agree that Louisiana law clearly identifies housing authorities as separate and distinct entities from the State of Louisiana, providing that they are solely responsible for their own debts, own their own properties and may sue and be sued directly.[26]

Given this finding, the court must also agree with defendant's assertion that plaintiff does not meet the definition of "eligible employee" for purposes of the FMLA.  Plaintiff does not dispute that the Housing Authority did not employ fifty (50) or more employees.  Thus, we find no genuine issue of fact exists regarding the inapplicability of the FMLA to plaintiff in this case.

    B.  Plaintiff's LEDL claim

Housing Authority's motion seeks dismissal of plaintiff's LEDL claim on two bases:  (1) that the LEDL does not apply to Housing Authority as an "employer" because La. R.S. 23:302(2) provides that the LEDL only applies to employers "employing twenty (20) or more employees within the state…"; and (2) plaintiff failed to exhaust his administrative remedies as required by the LEDL prior to filing suit.

In response, plaintiff again asserts that Housing Authority should be considered together with the State of Louisiana for purposes of determining whether or not the LEDL applies.  We have addressed this theory above and, again, find it to be without merit.

In support of its second basis for dismissal of plaintiff's LEDL claim, Housing Authority cites Department of State Civil Service v. Housing Authority of East Baton Rouge, which it

---

[26] La. R.S. 40:403, 431, 447.

6

asserts is authority that all housing authority employees are deemed Civil Service employees.[27] In that case, the Louisiana appellate court considered whether or not employees of state created housing authorities, except those specifically excluded, are civil servants in accordance with Louisiana Constitution Article 10, Sections 1 and 2.  The court affirmed the district court's finding that, indeed, housing authorities created under La. R.S. 40:391 are civil servants.

Plaintiff asserts that the case does not stand for the proposition that local housing authorities, such as the Marksville Housing Authority, are subject to civil service rules because the case considers the status of "public housing authorities," rather than "local" authorities. We agree with defendant that plaintiff's argument borders upon the frivolous.  While plaintiff places importance on the idea that the Marksville Housing Authority was created as a "local housing authority" under former La. R.S. 40:391, the Louisiana appellate court was clearly considering an identical animal, citing La. R.S. 40:391 as the genesis of housing authorities.[28]  In short, plaintiff presents no evidence that a distinction between the Housing Authority of East Baton Rouge Parish and the Marksville Housing Authority are subject to different analyses as to each entity's civil service status.

Housing Authority also cites <u>Johnson v. Board of Supervisors of Louisiana State University Agricultural & Mechanical College</u> as authority that civil service employees must first appeal a termination to the Civil Service Commission before any court would have jurisdiction to adjudicate a claim for wrongful disciplinary action or termination.[29]  Plaintiff characterizes

---

[27] 673 So.2d 726 (La. App. 1 Cir. 1996).
[28] Plaintiff cites the origin of the Marksville Housing Authority as La. R.S. 40:381, which the court assumes is a typographical error, since the Louisiana Housing Authority Law is found at La. R.S. 40:391, et <u>seq</u>.  <u>See</u> R. 10 at p. 6.
[29] 32 So.3d 1041 (La. App. 2 Cir. 2010).

the appellate court's ruling in this case as a "guess" and unworthy of precedential value.[30] The court has reviewed <u>Johnson</u> carefully and finds that it is a well-reasoned and thorough review of the issue, with which we fully agree. The exclusive jurisdiction of the Louisiana Civil Service Commission over wrongful termination claims dictates that a civil service employee must first appeal such claim to the commission before filing suit alleging wrongful termination.[31] Without the exhaustion of administrative remedies, this court lacks jurisdiction to hear any such claim.[32]

Plaintiff does not dispute that he made no appeal of his termination to the Civil Service Commission and, thus, if the LEDL did apply to Housing Authority, though we expressly find that it does not, plaintiff's claim would still fail on the basis of his failure to exhaust administrative remedies. We also note that plaintiff's time for the filing of an appeal to the Civil Service Commission has lapsed and, thus, dismissal with prejudice is appropriate.[33]

We note that we have referred to the plaintiff in the singular form throughout this ruling, though the instant suit was filed jointly by Joseph Carmouche, the former Housing Authority employee, and his wife, Dina. As asserted by Housing Authority, plaintiff's FMLA and LEDL claims, even if successful, are not subject to derivative actions and, thus, all purported claims by Dina Carmouche also fail as a matter of law.

IV.   Conclusion

After review of the law and argument advanced by the parties, the court finds that Housing Authority's motion for summary judgment as to all claims by plaintiff should be granted. Plaintiff fails to demonstrate a genuine issue of material fact regarding the application

---

[30] R. 10 at p. 7.
[31] Louisiana Constitution Art. 10, Section 12(A); Hillard v. Housing Authority of New Orleans, 436 So.2d 685 (La. App. 4 Cir. 1983); <u>Crockett v. State Through Dept. of Pub. Safety and Corr.</u>, 721 So.2d 1081 (La. App. 4 Cir. 1998).
[32] <u>Johnson</u>, 32 So.3d at 1047.
[33] Rule 13.12, Louisiana State Department of Civil Service Rules.

of the FMLA to him as an "eligible employee" or the LEDL's application to Housing Authority as an "employer" within the meaning of that law. Similarly, plaintiff fails to demonstrate that he exhausted available administrative remedies, which is a prerequisite to the filing of a suit for wrongful termination by a former civil service employee. Given these findings, Housing Authority is entitled to judgment as a matter of law.

The court will issue a judgment in conformity with these findings.

Alexandria, Louisiana
June 17, 2013

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE